UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JEFFREY JOHNSON,

                Petitioner,

              -against-

DEPARTMENT OF CORRECTIVE
SERVICES; UPSTATE CORRECTIONAL
FACILITY; SUPERINTENDENT D. ROCK,

                Respondents.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

10 Civ. 3464 (BMC)

**COGAN,** District Judge.

*Pro se* petitioner Jeffrey Johnson, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Kings County conviction. The Court grants petitioner's request to proceed *in forma pauperis*. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, the Court directs petitioner to submit an amended petition within 30 days of the entry of this Order that conforms to the Rules Governing Section 2254 cases.

## DISCUSSION

At the outset, the Court notes that the petitioner's application for habeas corpus relief may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. §2244(d). But because petitioner does not state the date he was sentenced, the Court is unable to determine whether the instant petition was filed within the statute of limitation period.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

1

In addition, a state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Here, petitioner fails to comply with Rule 2. 28 U.S.C § 2254 Rule 2. Rule 2(c) requires a petition to specify all of petitioner's grounds for relief, setting forth in summary form the facts supporting each of the specified grounds for relief and stating the relief requested. A petition must permit the court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated. Under the "grounds" section of his petition, petitioner states that he has "helpful information involving a murder case I was illegally

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final. Petitioner alleges that he pled guilty and received a five year sentence, but he does not indicate the dates of his guilty plea or sentencing. Petitioner states that he did not appeal his plea. Since petitioner did not appeal his conviction, his judgment of conviction became final thirty days after he was sentenced, when the time for filing a notice of appeal to the Appellate Division expired. See N.Y. Crim. Proc. Law § 460.10(1)(a); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires).

interrogated about." He states no legal ground and supplies no facts upon which he is seeking review of his conviction. Thus, the instant petition cannot proceed as presented.[2]

## CONCLUSION

Petitioner is directed to submit an amended petition that complies with Rule 2 (c) within 30 days of the entry of this Order. The Clerk of Court is directed to send petitioner a 28 U.S.C. § 2254 form petition along with this Order for petitioner's convenience. The amended petition must bear the same docket number as this order, 10 Civ. 3464 (BMC), and explain in a short and plain fashion exactly what constitutional grounds he is raising and the facts that are relevant to those grounds. In addition, petitioner must state the dates of conviction and sentencing, and what steps, if any, he has taken to exhaust his state court remedies. Petitioner should also include the dates he filed any post-conviction motions, when those motions were decided and any other facts which would support tolling of the statute of limitations, if applicable. Petitioner is further advised to only name his present custodian as the respondent in the amended petition.

No response to the petition shall be required at this time and all further proceedings shall be stayed for thirty (30) days for petitioner to comply with this Order. If petitioner fails to

---

[2] The petitioner may have also failed to exhaust his remedies in state court. Habeas corpus relief is available to a petitioner held in state custody in violation of the Constitution or a federal law or treaty. 28 U.S.C. § 2254(a). In order to "satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts, to the highest court in the pertinent state." Aparicio, 269 F.3d at 89 (internal citations and quotation marks omitted). A claim is considered unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In his petition, the petitioner indicates that he has a "lawyer that is going to file a 440.20 motion" in state court but has not done so yet. Because the petitioner has not made clear the grounds on which he is moving in the instant petition, the Court does not reach the question of exhaustion.

comply with this order within the time allowed, the instant petition shall be dismissed for failure to comply with the Rules Governing 2254 cases.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
August 19, 2010